# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re:* M.G., J.M., & B.M.

No. 12-0787 (Braxton County 11-JA-31, 32 & 33)

**FILED**

January 14, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father, by counsel Andrew Chattin, appeals the Circuit Court of Braxton County's order entered on September 4, 2012, terminating his parental rights to J.M. and B.M. and his custodial and psychological parental rights to M.G. The guardian ad litem, David Karickhoff, has filed his response on behalf of the children. The West Virginia Department of Health and Human Resources ("DHHR"), by William Bands, its attorney, has filed its response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Revised Rules of Appellate Procedure.

The abuse and neglect petition in this matter was filed after B.M. was born with drugs in his system. The petition charged Petitioner Father with failure to protect the children. Petitioner Father was adjudicated as an abusing and neglectful father and was then granted a one year post-dispositional improvement period. He was directed to remain drug-free during this period and to participate in drug screens. Approximately four months after being granted the post-dispositional improvement period, the State moved to revoke the same on the basis that petitioner had not remained drug-free and had not seen the children in six months, as he was not participating in visitation. The circuit court terminated the improvement period and found that the parents failed to cooperate with the previously awarded rehabilitative period, failed to remain drug and alcohol free, failed to submit to drug screens when requested, failed to attend court ordered long-term drug rehabilitation, tested positive for drugs, and failed to contact the children. The circuit court then terminated Petitioner Father's parental and custodial rights after finding that there was no reasonable likelihood that the conditions of abuse or neglect can be corrected in the near future.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there

1

is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.,* 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, Petitioner Father argues that the circuit court erred in terminating his parental and custodial rights as there was evidence that he passed some of his drug tests and his psychological evaluation did not show that he had a significant drug problem. Further, he argues that he did not require inpatient drug treatment and he attended outpatient treatment on occasion. He also argues that he did not visit the children due to his work schedule and the emotional difficulty he suffered when he visited.

The guardian responds in favor of the termination of parental and custodial rights and argues that Petitioner Father failed to participate in the improvement period. The DHHR joins in and concurs with the guardian's response in favor of the termination of parental and custodial rights.

The Court has held that "'courts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened . . . .' Syl. Pt. 1, in part, *In re R.J.M.,* 164 W.Va. 496, 266 S.E.2d 114 (1980)." Syl. Pt. 4, in part, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). This Court finds that the circuit court was presented with sufficient evidence upon which it could have found that that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that termination was necessary for the children's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon these findings.

For the foregoing reasons, the circuit court's order terminating petitioner's parental and custodial rights is hereby affirmed.

Affirmed.

**ISSUED**: January 14, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II